IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HERBERT WIGGINS, | § | |
| Movant, | § | |
| | § | |
| v. | § | No. 3:22-cv-00326-B (BT) |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Herbert Wiggins, a state prisoner, has filed a *pro se* motion to vacate, set-aside, or correct sentence under 28 U.S.C. § 2255. (ECF No. 2.) He claims that his case falls under § 2255 and Proposition 47[1] (*id.* at 14), but he is a Texas prisoner challenging his state conviction. Therefore, the Court construes his filing as a petition for a writ of habeas corpus under 28 U.S.C. § 2254. *See Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990) (Section 2255 is "the primary means of collateral attack on a federal sentence"); *see also* 28 U.S.C. § 2254(b)(1) (the statute refers to "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a *State* court[.]") (emphasis added).  For the

---

[1] Proposition 47 was enacted by the State of California on November 4, 2014, and it "became a duly enacted constitutional amendment or statute." *United States v. Alonso*, 2017 WL 2869947, at *2 (W.D. Tex. June 5, 2017) (quoting *Hollingsworth v. Perry*, 133 S. Ct. 2652, 2663 (2013) (internal quotations omitted)). Wiggins was convicted in a Texas state court, so Proposition 47 is not applicable to him.

1

following reasons, the Court should transfer Wiggins's petition to the Fifth Circuit Court of Appeals as second or successive.

I.

On May 12, 2006, Wiggins pleaded not guilty to aggravated sexual assault of a child in Ellis County, Texas. *See State v. Wiggins*, Case No. 29883CR. Following a jury trial, Wiggins was convicted and sentenced to life imprisonment. He filed a direct appeal, and on July 11, 2007, Wiggins's conviction and sentence were affirmed. *See Wiggins v. State*, 10-06-00134-CR, 2007 WL 2004962 (Tex. App. –Waco).

On January 4, 2010, Wiggins filed his first petition for writ of habeas corpus under 28 U.S.C. § 2254. *See Wiggins v. Thaler*, No. 3:10-cv-61-N (N.D. Tex.). On December 14, 2010, the District Court denied the petition on the merits, denied a certificate of appealability, and entered judgment.

Wiggins filed the pending petition in this Court on January 25, 2022. In his petition, he argues: (1) the issuance of the indictment against him constituted an abuse of discretion; (2) the magistrate judge's decision to deny him counsel was error; (3) he received ineffective assistance of trial counsel; (4) the prosecutor engaged in prosecutorial misconduct; and (5) the trial judge was biased.

II.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) limits the circumstances under which a state prisoner may file a second or

2

successive application for habeas relief in federal court. ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Publ. L. 104-132, 110 Stat. 1214 (1996). To raise a claim in a second or successive § 2254 petition, a prisoner must show: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court. *See* 28 U.S.C. § 2244(b)(2). Before a petitioner files a successive petition in the District Court, a three-judge panel of the Fifth Circuit must determine whether he makes the requisite prima facie showing. *See* 28 U.S.C. § 2244(b)(3)(A) and (B).

A petition is deemed successive when it raises a claim that was or could have been raised in an earlier petition, or otherwise is an abuse of writ. *Hardemon v. Quarterman*, 516 F.3d 272, 275 (5th Cir. 2008). However, a second petition is not successive when the first petition was dismissed due to prematurity or for lack of exhaustion. *Stewart v. Martinez-Villareal*, 523 U.S. 637, 643-46 (1998). This is so because "dismissal of a first habeas petition for technical procedural reasons would bar the prisoner from ever obtaining federal habeas review." *Id.* at 645.

Wiggins raises five claims in his pending petition. He summarily argues that his claims rely on a new rule of constitutional law or could not have been discovered previously through the exercise of due diligence. Pet.

3

14 (ECF No. 2). However, Wiggins's claims could and should have been brought in 2010 in his first habeas proceeding. His claims could have been "discovered previously through the exercise of due diligence." 28 U.S.C. § 2244(b)(2)(B)(i). Moreover, Wiggins does not demonstrate that any of his claims rely on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *Id.* § 2244(b)(2)(A). Therefore, the pending petition is a second or successive petition, and the Fifth Circuit has not issued an order authorizing this Court to consider it. Wiggins must obtain such an order before he may file another petition for habeas relief under § 2254.

### III.

The Court should TRANSFER Wiggins's petition for a writ of habeas corpus to the United States Court of Appeals for the Fifth Circuit pursuant to *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

**SO RECOMMENDED**

Signed February 17. 2022.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).