IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HERBERT LAVONNE WIGGINS, #1370636, | § § § § | |
| Petitioner, | § § | No. 3:22-cv-00326-B (BT) |
| v. | § § | |
| UNITED STATES OF AMERICA, | § § § | |
| Respondent. | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner Herbert Lavonne Wiggins has filed a motion seeking a certificate of appealability (COA) (ECF No. 9) and a motion for leave to proceed *in forma pauperis* on appeal (ECF No. 10). For the following reasons, the District Court should deny Wiggins's motions.

I.

Wiggins initiated this habeas action by filing a motion to vacate, set-aside, or correct sentence under 28 U.S.C. § 2255. (ECF No. 2.) The magistrate judge issued findings and conclusions, recommending the initial filing be construed as a petition for a writ of habeas corpus under 28 U.S.C. § 2254 because Wiggins is a state prisoner challenging a state conviction. FCR 1 (ECF No. 3) (citing *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990) (Section 2255 is "the primary means of collateral attack on a federal sentence"); 28 U.S.C. § 2254(b)(1) (the statute refers to "[a]n

1

application for writ of habeas corpus on behalf of a person in custody pursuant to a judgment of a *State* court[.]") (emphasis added)). The magistrate judge further recommended the District Court find the habeas petition was a second or successive petition that should be transferred to the Fifth Circuit Court of Appeals pursuant to *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997). *Id.* at 4. The District Court accepted the magistrate judge's recommendation and transferred the case to the Fifth Circuit Court of Appeals. Ord. (ECF No. 6); J. (ECF No. 7). The Fifth Circuit Court of Appeals denied Wiggins's motion to file a successive application. (ECF No. 8.)

Thereafter, Wiggins filed the instant motions seeking a COA (ECF No. 9) and leave to proceed *in forma pauperis* on appeal (ECF No. 10). In his motion for a COA, Wiggins argues that he has made a "prima facie" showing he is entitled to a COA. (ECF No. 9 at 2.) He further argues that his habeas petition relies on "newly found evidence," and it demonstrates fraud by court officials in Ellis County, Texas. *Id.*

II.

By his first motion, Wiggins asks for a COA. (ECF No. 9.) The district court must issue or deny a COA when it enters a final order adverse to the petitioner. The Rules Governing Section 2254 Cases (Section 2254 Rules), Rule 11(a). The standard for granting a COA requires the petitioner to make a substantial showing of the denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *see also Elizalde v. Dretke*, 362

2

F.3d 323, 328 (5th Cir. 2004) (citing 28 U.S.C. § 2253(c)(2)). In making the requisite showing, the petitioner does not have to establish that he would prevail on the merits. *See* Slack, 529 U.S. at 483-84. Rather, the petitioner must only demonstrate that the issues are subject to debate among jurists of reason, a court could resolve the issues in a different manner, or the questions presented are worthy of encouragement to proceed further. *See id.* at 484. Any doubt regarding whether to grant a COA should be resolved in favor of the petitioner. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir. 2000). If the district court denies a COA, the parties may not appeal the denial, but they may seek a COA from the court of appeals. Fed. R. App. Proc. 22(a); Section 2254 Rules, Rule 11(a).

Wiggins raised five claims in this habeas petition. FCR 2 (ECF No. 3). The magistrate judge recommended that the District Court find he had filed a § 2254 habeas petition, and he previously filed a § 2254 habeas petition that was denied in December 2010. *Id.* at 4. The magistrate judge determined that each claim Wiggins raised in his pending habeas petition could have and should have been raised in his first habeas petition. *Id.* The magistrate judge further determined that the habeas petition was second or successive, the Fifth Circuit Court of Appeals had not issued an order authorizing the Court to consider the habeas petition, and Wiggins must obtain an order of authorization to file a second or successive habeas petition. *Id.* The magistrate judge concluded that the District Court should

3

transfer the habeas petition to the Fifth Circuit Court of Appeals under *In re Epps*, 127 F.3d at 365. *Id.* Considering the magistrate judge's recommendation and the District Court's acceptance of that recommendation to transfer the second or successive habeas petition to the Fifth Circuit Court of Appeals, Wiggins has failed to demonstrate that his claims are worthy of further encouragement. *See Slack*, 529 U.S. at 484. Likewise, he has not shown that any of his claims are subject to debate by jurists of reason, or that another court may resolve the claims differently. *See id.* Wiggins has failed to demonstrate that he is entitled to a COA. Therefore, the District Court should DENY Wiggin's motion seeking a COA.

III.

Wiggins also filed a motion seeking leave to proceed *in forma pauperis* on appeal. (ECF No. 10.) To proceed *in forma pauperis* on appeal, an appellant must show financial eligibility and a nonfrivolous issue for appeal. *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982). Under Federal Rule of Appellate Procedure 24(a)(3)(A), an appellant is ineligible for *in forma pauperis* status if the court certifies that the appeal is not taken in good faith. "Good faith" means that the issues on appeal are not frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). A district court may certify that an appeal is not taken in good faith and deny a motion to proceed *in forma pauperis*, but it must set forth its reasons for doing so. *Pohl v. Thaler*, 429 F. App'x 408, 409 (5th Cir. 2011) (per curiam) (citing *Baugh v.*

4

*Taylor*, 117 F.3d 197, 202 (5th Cir. 1997)). When the underlying claims are "entirely frivolous and had no possibility of success," the appeal is not taken in good faith. *Baugh*, 117 F.3d at 201-02. The determination of whether good faith exists "is limited to whether the appeal involves legal points arguable on the merits (and therefore not frivolous)." *United States v. Moore*, 858 F. App'x 172, 172 (5th Cir. 2021) (per curiam) (quoting *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted)). A district court's certification that an appeal is not taken in good faith is reviewed for abuse of discretion. *Id.* (citing *Carson*, 689 F.2d at 586). A district court has discretion in deciding whether to grant or deny a request to proceed *in forma pauperis*. *Williams v. Estelle*, 681 F.2d 946, 947 (5th Cir. 1982) (per curiam) (citing *Green v. Estelle*, 649 F.2d 298, 302 (5th Cir. 1981)).

As discussed, Wiggins has failed to demonstrate that his claims are worthy of further encouragement, and he is therefore not entitled to a COA. *See Slack*, 529 U.S. at 484. The magistrate judge found that Wiggins filed a second or successive habeas petition, and the District Court agreed. Wiggins has not come forward with any compelling new arguments, and any appeal in this case would not be taken in good faith. Accordingly, the District Court should DENY Wiggins's motion for leave to proceed *in forma pauperis* on appeal.

IV.

For the foregoing reasons, the District Court should DENY Wiggins's motions.

SO RECOMMENDED.

Signed December 2, 2022.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996)*